**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSE RODRIGUEZ,

                        Plaintiff,

    - v -                                            Civ. No. 9:10-CV-1122
                                                                  (DNH/RFT)

BAKER, *Nurse, Upstate Correctional Facility*,

                        Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

JOSE RODRIGUEZ
Plaintiff, *Pro Se*
82-A-4529
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN            WILLIAM J. MCCARTHY, JR., ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      *Pro se* Plaintiff Jose Rodriguez brings this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that Defendant Baker, a nurse at Upstate Correctional Facility, violated his constitutional rights when he denied Plaintiff's requests for medication for his back pain. Dkt. No. 1, Compl. On March 18, 2011, Defendant Baker filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11. Plaintiff opposes the Motion. Dkt. No. 12. For the reasons that follow, it is recommended that the Defendant's Motion be **granted** and this case be **dismissed**.

## I. BACKGROUND

For purposes of this Motion, and in accordance with the applicable standard of review, the following facts taken from the Complaint are deemed to be true.[1]

At all times relevant to the events discussed within the Complaint, Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) and was housed at the Upstate Correctional Facility. Compl. at p. 8. Plaintiff suffers from back pain. *Id*. at pp. 8-9. At some point, Plaintiff was prescribed Ibuprofen 400mg by Dr. Patrick, who is not named as a defendant in this action. *Id*. at p. 9. The prescription, which was valid from August 2009 to May 2010, was issued after Doctor Patrick reviewed x-rays of Plaintiff's back and determined that Plaintiff suffered from a "broken disc at his spinal column." *Id*. at pp. 9-10. On July 29,[2] Dr. Adams, who is also not named as a defendant in this action, suspended the prescription because it caused "live harms". *Id*. In May, June, August, and September 2010, Defendant Nurse Baker denied Plaintiff's request for medication. *Id*. at pp. 8-9. Plaintiff filed several inmate grievances during this time period against Nurse Baker. *Id*. Two of those grievances, dated August 20, 2010, and September 7, 2010, are attached to his Complaint. *Id*. at pp. 21-24. In response to those grievances, the Inmate Grievance Resolution Committee (IGRC) stated that Dr. Adams did not order him new medications and, instead advised Plaintiff to obtain over-the-counter medication; furthermore, it was noted that on August 20, Nurse Baker issued Plaintiff over-the-counter Tylenol

---

[1] Rodriguez's Complaint is comprised of the *pro forma* § 1983 Complaint, followed by a hand-written Complaint, followed by Plaintiff's Affidavit. For ease of reference, all citations to the Complaint will be to the page numbers automatically assigned by the Court's Civil Management Electronic Case Filing (CM/ECF) system.

[2] Plaintiff does not provide the year in which Dr. Adams suspended his prescription. However, he states that in August 2010, Dr. Adams recommended that Plaintiff engage in an exercise regimen instead of being treated with medication. Compl. at p. 11.

for his low back pain, which on one occasion Plaintiff accepted, while he rejected it on another. *Id*. at pp. 22 & 24.

## II. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157,

168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1960 (citing *Twombly*).[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff

---

[3] By its opinion in *Bell Atlantic Corp. v. Twombly* and then again in *Ashcroft v. Iqbal*, the Supreme Court abrogated the often-cited language of *Conley v. Gibson* "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 561-63 (2007) (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). In so doing, the Court found that *Conley* "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id*. at 563.

has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. at 1950-51.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint.

### B. Eighth Amendment

By his Complaint, Plaintiff asserts that Defendant Nurse Baker was deliberately indifferent to his serious medical needs when, on multiple occasions, he denied Plaintiff the prescription medication that Plaintiff sought. Such a claim is analyzed through the Eighth Amendment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d Cir. 2003)). To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The plaintiff must allege conduct that is "'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).

This standard contains both objective and subjective elements. *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberative indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Id.* at 183-84 (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) & *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.

1996)). The subjective element "entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Hathaway v. Coughlin*, 99 F.3d at 553 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

Turning first to the objective prong, we find that based upon the facts pled in the Complaint, we may, for purposes of this Motion, find that Plaintiff's broken disc and accompanying back pain constitutes a serious medical condition. However, our inquiry is not solely whether the condition itself is serious, but also, whether the alleged inadequate treatment is sufficiently serious. *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (citing *Chance v. Armstrong*, 143 F.3d at 702-03, for the proposition that "it's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes").

According to the Complaint, which includes documents attached thereto, various medical personnel have treated Plaintiff's back condition. It is patent that in the case at bar, we have nothing more than a mere disagreement over the proper course of treatment wherein one doctor prescribed medication, while another felt that over-the-counter medication and exercise would suffice. While Plaintiff may agree with the former over the latter, he cannot state that he was categorically refused treatment by any individual, whether named as a defendant or not. And certainly Nurse Baker was in no position to overrule the doctors' standing orders, wherein Dr. Patrick's prescription had expired and Dr. Adams refused to renew said prescription. In at least one instance, Plaintiff refused to accept such treatment offered by Nurse Baker. Pointedly, Plaintiff's disagreement over the course of treatment prescribed by the various medical personnel is simply not actionable under the Eighth

Amendment. The Second Circuit has long adhered to the principle that a prisoner does not have the right to the treatment of his choice, so long as the treatment provided is adequate. *Chance v. Armstrong*, 143 F.3d at 703 (citing *Dean v. Coughlin*, 804 F.2d at 215). Furthermore, "prison officials have broad discretion to determine the nature and character of medical treatment which is provided to inmates." *LaFave v. Clinton County*, 2002 WL 31309244, at *3 (N.D.N.Y. Apr. 3, 2002) (Sharpe, MJ) (citing *Murphy v. Grabo*, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998)). "'[T]he essential test is one of medical necessity and not one simply of desirability.'" *Dean v. Coughlin*, 804 F.2d at 215 (quoting *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981)).

Because Plaintiff's Complaint fails to state a cause of action for relief,[4] we recommend **granting** Defendant's Motion and **dismissing** this case in its entirety.[5]

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 11) be **GRANTED** and this case be **DISMISSED** ; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[4] Because we find that no constitutional violation transpired through the differing courses of treatment, there is no reason to allow Plaintiff to amend his Complaint to name Drs. Patrict and/or Adams.

[5] Defendant raises the affirmative defense of qualified immunity. However, because we find there has been no constitutional violation, we need not consider that defense. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   August 2, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge